NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ADA A. RIVERA, | : | |
| | : | Civil Action No. 04-5116 (KSH) |
| Plaintiff, | : | |
| v. | : | |
| BALLY TOTAL FITNESS CORPORATION, | : | **OPINION** |
| Defendant. | : | |

**KATHARINE S. HAYDEN, U.S.D.J.**

On October 19, 2004 plaintiff Ada A. Rivera ("Rivera") commenced this action by filing a two-count complaint alleging national origin discrimination in violation of Title VII and New Jersey Law Against Discrimination ("NJLAD"). The summons and complaint were served on defendant Bally Total Fitness Corp. ("Bally") on February 15, 2005. In lieu of an answer, Bally filed a motion to dismiss plaintiff's complaint for insufficiency of process, or in the alternative, to dismiss with prejudice and compel arbitration. To date, Rivera has failed to oppose or otherwise respond to this motion. For reasons set forth below, defendant's motion to compel arbitration is granted and the Court orders a stay to be entered.

-1-

**FACTS**

The relevant facts are uncontested.  Sometime in November 1998, Bally hired Rivera as a porter.  (Compl. ¶ 10; Certification of Fred Infante in Support of Defendant's Motion to Dismiss Complaint and Compel Arbitration, ¶ 10.)  On or about November 24, 1998, Rivera signed three employment-related documents– a receipt of employee handbook, a form relating to Bally's policy prohibiting harassment, and a voluntary agreement form relating to Bally's Employment Dispute Resolution Procedure ("EDRP").  (See Infante Cert., Ex. B, receipt of employee handbook dated November 24, 1998; Ex. C, memorandum concerning Bally's policy against harassment dated October 13, 1998; Ex. D, voluntary agreement form dated November 24, 1998.)  By signing the voluntary agreement form, Rivera acknowledged the following: that she received a copy of the EDRP; that she carefully read it and understood its terms; that she voluntarily entered into this EDRP; and that she had a reasonable time period to review the EDRP and consider it before signing the acknowledgment form.  (Infante Cert., Ex. D.)

The EDRP was an agreement between the employee, i.e., Rivera and Bally to resolve all employment-related disputes by way of "final and binding" arbitration through a prescribed process.  (Infante Cert., Ex. A, Bally Total Fitness Corp. Employment Dispute Resolution Procedure.)  The EDRP required the employee first to exhaust the Employee Problem Solving Procedure ("EPSP"), found in the employee handbook.  (Id., § 6.1.)  If unsuccessful at that level, the employee agreed first to go to mediation and then to binding arbitration.  (Id., § 6.7.)  The disputes covered by the EDRP were specified as follows:

> any and all Disputes between the parties that arise from or relate to the Employee's employment with the Employer, and that certain legally protected rights for which a court or administrative tribunal, in the absence of this EDRP, would be authorized by law to

> grant relief.  By way of example, the type of claims covered by this EDRP include, but are not limited to,...tort claims, claims for discrimination and/or harassment, including, but not limited to discrimination and/or harassment based on race, color, sex, pregnancy, religion, national origin, ancestry, age...or any other protected status...; and claims for violation of any federal, state, or other governmental constitution, statute, ordinance or regulation.

(Infante Cert., Ex. A, § 1.1.)

The employee handbook that Rivera received and signed for contained an explanation of Bally's employment policies, including the EPSP and the EDRP.  (See generally Infante Cert., Ex. F, Bally Total Fitness Corp. Employee Handbook.)  The employee handbook in pertinent part, stated:

> In the event the EPSP fails to resolve a conflict arising within the workplace, Bally's Employee Dispute Resolution Procedure provides employees with an expeditious, inexpensive program of final an binding arbitration of such disputes.  The EDRP is mandatory for all Bally employees, and you have been asked to review this procedure and you have signed an agreement that you will use it in the event you have a conflict arising out of your employment with Bally....

(Infante Cert., Ex. F.)

Rivera was terminated on or about July 14, 2003.  (Infante Cert., ¶ 13.)  Shortly afterwards, she filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging Bally discriminated against her on the basis of her national origin, which the EEOC dismissed.  (Compl. ¶ 8.)  Rivera exhausted her New Jersey administrative remedies as well, and subsequently, filed the instant action.

On this motion, the merits of Rivera's allegations are not before the Court.  Bally's motion is confined to jurisdictional issues. _____

**ANALYSIS**

Bally asserts that the parties' agreement to arbitrate contained in the EDRP and referenced in the employee handbook falls within the purview of the Federal Arbitration Act ("FAA"), 9 U.S.C § 1 et seq. (Deft's Brief, at 9.) As such Bally argues that this Court should dismiss Rivera's complaint and issue an order compelling arbitration.

I.  The FAA applies to the agreement to arbitrate

The Supreme Court has made it clear that the FAA applies to arbitration clauses in employment agreements in industries involving commerce. See Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 119-21 (2001); Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 26 (1991); the initial relevant inquiry is whether the arbitration provision "evidenc[es] a transaction involving [interstate] commerce." 9 U.S.C. § 2; Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 24 (1983). This is not a rigorous inquiry; in fact, the contract "need[s] only the slightest nexus with interstate commerce." Crawford v. West Health System, 847 F. Supp. 1232, 1240 (D.N.J. 1994). Bally is a nationwide organization with headquarters in Chicago, Illinois and operation sites in numerous states. (Deft's Brief, at 7.) Moreover Rivera in her complaint admits that, "Bally is engaged in an industry affecting commerce . . . ." (Compl. ¶ 7.) As such, the FAA applies to the arbitration clause in the Bally employment agreement.

II. Under the FAA, all of plaintiff's claims must be arbitrated

The FAA dictates that any agreement to settle a dispute by arbitration "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. When one party refuses, neglects or fails to arbitrate pursuant to a prior agreement to arbitrate covered under the FAA, the aggrieved party "may

petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4.  The district court has the authority to compel, or enjoin, arbitration as circumstances may require.  9 U.S.C. § 3, 4.

Rivera's claims will be subjected to arbitration if: (1) the Court determines that the arbitration agreement contained in the EDRP is valid, and (2) if so, that the asserted claims under the NJLAD and Title VII fall within the scope of that agreement.  To answer these questions the Court must look to state contract principles.  First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995); Blair v. Scott Specialty Gases, 283 F.3d 595, 603 (3d Cir. 2002).

New Jersey law recognizes arbitration as a favored method for resolving disputes and permits parties to waive statutory employment rights.  Garfinkel v. Morristown Obstetrics & Gynecology Assocs., P.A., 168 N.J. 124, 132 (2001).  But employee agreements must so provide "in unambiguous terms." Garfinkel, 168 N.J. at 135.  The Court examines the agreement Rivera signed to determine if: (1) the relevant waiver-of-rights provision reflects an unambiguous intention to arbitrate the disputed claims, and if yes, (2) the record before the Court indicates that plaintiff clearly had agreed to that provision.  Leodori v. CIGNA Corp., 175 N.J. 293, 302 (2003).  If both questions are answered in the affirmative, the agreement is binding on Rivera and the parties must be compelled to arbitration.

On the first question, the Court is satisfied that the agreement found in the EDRP unambiguously sets forth the drafter's intention to arbitrate all employment-related claims, including those that might be asserted under NJLAD and Title VII.  The opening paragraph of the

EDRP explains that the document is an agreement to arbitrate all "covered" disputes. Following this paragraph, "covered" disputes are defined, and the text states that the employee is waiving "any and all disputes" arising from the employment relation, including those "legally protected rights for which a court or administrative tribunal, in the absence of this EDRP, would be authorized by law to grant relief." (Infante Cert., Ex. A, § 1.1.) In addition, the definition section provides a non-exhaustive list of the types of claims covered by the EDRP. While it does not list NJLAD and Title VII by name, the section by general reference refers to claims redressable by these and similar statutes: "By way of example, the type of claims covered by this EDRP include...claims for discrimination and/or harassment, including but not limited to discrimination and/or harassment based on race, color, sex, pregnancy, religion, national origin, ...and claims for violation of any federal, state, or other governmental constitution, statute, ordinance or regulation." (Infante Cert., Ex. A, § 1.1.) The Court finds the foregoing language meets New Jersey's requirement of an unmistakable expression of an employee's willingness to waive his/her statutory remedies.

      The Court moves on to whether the record indicates that Rivera clearly agreed to the arbitration agreement contained in the EDRP, and specifically the waiver of a lawsuit on the claims brought here. A valid waiver of this sort "results only from an explicit affirmative agreement that unmistakably reflects the employee's assent." Leodori, 175 N.J. at 302. So, in order to enforce the agreement New Jersey courts require "some concrete manifestation of the employee's intent as reflected in the text of the agreement itself." Garfinkel, 168 N.J. at 135.

      Here Rivera was presented with a voluntary agreement form to sign upon reviewing the EDRP, and she signed it. Additionally she signed the receipt of the employment handbook

attesting to the fact she understood the contents, which explained the EDRP and the arbitration process.  These actions may properly be construed as a concrete manifestation of her assent to arbitrate the disputed claims.[1]

III      Plaintiff's lawsuit is stayed

Despite the fact that the FAA requires a court to enter a stay whenever a party is subjected to litigation on an issue that the party is entitled to arbitrate, 9 U.S.C. § 3, Bally moves for dismissal of Rivera's complaint with prejudice.  Relying on dicta found in Seus v. John Nuveen & Co., Inc., 146 F.3d 175, 179 (3d Cir. 1998), Bally argues dismissal with prejudice is warranted when, as here, all claims involved in the matter are arbitrable.   The Court will not grant Bally a dismissal with prejudice because legal authority does not endorse such action as the appropriate remedy under these facts.  Even in the case cited by Bally, the court does not dismiss the complaint with prejudice.  Seus, 146 F.3d at 188 (affirming district court's order dismissing [plaintiff's] claims without prejudice).

As between a dismissal without prejudice and a stay, the Court finds the more appropriate remedy is to stay the proceeding pending arbitration.  Recently, in Lloyd v. Hovensa, LLC, 369 F.3d 263, 270 (3d Cir. 2004), the Third Circuit expressed its preference for district courts to enter a stay rather than grant a dismissal, and identified several reasons why a stay is more effective than a dismissal in promoting and facilitating arbitration.

First, a court has a significant role to play under the FAA even in those instances when it

---

[1] Bally additionally makes arguments in anticipating hypothetical arguments Rivera might offer on the issue of voluntariness.  But the Court need not address this issue because Rivera has failed make any opposition, and the record does not suggest there was duress, coercion, fraud and/or mental incapacity.

orders the arbitration of all claims because the parties are entitled to seek the court's assistance during the course of arbitration. Id. The court's retaining jurisdiction relieves the parties from having to file a new action each time the court's assistance is sought. Id.

Most important, a stay entitles the parties immediately to proceed to arbitration without the delay that an appeal would occasion. "Under § 16 of the FAA, 9 U.S.C. § 16, whenever a stay is entered under § 3, the party resisting arbitration is expressly denied the right to an immediate appeal." Id. A dismissal without prejudice is considered a "final act" and may be appealed. Blair v. Scott Specialty Gases, 283 F.3d 595, 602 (3d Cir. 2002).

Based on the reasons articulated by the Lloyd court, the Court concludes that a stay pending arbitration, rather than, a dismissal without prejudice furthers what Bally is seeking– relief from the burden of litigating otherwise arbitrable claims and the enforcement of Rivera's employment contract requiring immediate arbitration without chance of delay.

**CONCLUSION**

For the foregoing reasons, the Court grants defendant's motion to compel arbitration of plaintiff's asserted claims and issues a stay of the proceeding and administratively terminates the matter.

Dated: June 28, 2005

                                               s/ Katharine S. Hayden
                                               **Katharine S. Hayden, U.S.D.J.**